United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re NVIDIDA Corporation Securities Litigation. / | NO. C 08-04260 JW<br><br>**ORDER DENYING MOTIONS FOR LEAVE TO FILE MOTIONS FOR RECONSIDERATION** |

Presently before the Court are various Motions for Leave to File a Motion for Reconsideration brought by Roberto Cohen, City of Pontiac General Retirement System and the Depies Group.[1] The movants seek permission to file Motions requesting that the Court reconsider its December 23, 2008 Order ("December 23 Order") appointing lead plaintiffs and co-lead counsel in this case. Lead Plaintiff New Jersey Carpenters Pension and Annuity Funds ("New Jersey Carpenters") has filed a timely response to each motion.[2]

Before a party may file a motion for reconsideration, the party must first obtain leave of the court. Civ. L.R. 7-9(a). In doing so, the moving party must specifically show the following:

---

[1] (Roberto Cohen's Motion for Leave to File Motion for Reconsideration of the Court's December 23, 2008 Order and, in The Alternative, Application for an Order Certifying Interlocutory Appeal, hereafter, "Cohen Motion," Docket Item No. 94; City of Pontiac General Retirement System's Motion for Leave to File Motion for Reconsideration of Order Appointing Lead Plaintiffs, Co-lead Counsel, hereafter, "Pontiac Motion," Docket Item No. 95; The Depies Group's Notice of Motion and Motion for Leave to File Motion for Reconsideration and Clarification of the Court's December 23, 2008, hereafter, "Depies Group Motion," Docket Item No. 96.)

[2] (The New Jersey Carpenters Pension and Annuity Funds' Response to Motions for Leave to File Motions to Reconsider the Lead Plaintiff and Lead Counsel Order, hereafter, "New Jersey Carpenters Motion," Docket Item No. 98.)

1     (1)    At the time of the filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

4     (2)    The emergence of new material facts or a change of law occurring after the time of such order; or

6     (3)    A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). A motion for leave to file a motion for reconsideration may not repeat any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered. Civ. L.R. 7-9(c).

The Court considers each of the movants' contentions in turn.

**A.**    **Plaintiff Cohen's Motion**

    **1.**    **Leave to File Reconsideration**

Lead Plaintiff Cohen seeks leave to file a motion for reconsideration on the ground that the Court improperly declined to appoint Cohen's choice of counsel–Kahn Gauthier Swick, LLC–as lead counsel. (Cohen Motion at 2.) Cohen contends that it was a manifest failure by the Court to appoint him Lead Plaintiff and refuse to approve his choice of counsel. (Id.)

Under the PSLRA, a lead plaintiff in a class action may select and retain counsel to represent the class "subject to the approval of the court." 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, the Court exercised its discretion under the PSLRA to not appoint the Lead Plaintiff's choice of counsel. (December 23 Order at 8.) Cohen contends that the Ninth Circuit's decision in In Re Cavanaugh limits the exercise of such discretion by the Court. See In Re Cavanaugh, 306 F.3d 726, 732 (9th Cir. 2002). The Court finds that In Re Cavanaugh does not specify the terms on which a court may refuse to approve a lead plaintiff's selection of counsel.

Cohen has failed to identify a manifest failure by the Court to consider material facts or dispositive legal arguments. Accordingly, the Court DENIES Plaintiff Cohen's motion for leave to file a motion for reconsideration.

2

### 2. Certification Pursuant to § 1292(b)

In the alternative, Cohen seeks a certification of an appeal pursuant to 28 U.S.C. § 1292(b). (Cohen Motion at 2.) Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

An interlocutory appeal should only be granted if it would avoid protracted and expensive litigation. United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966); In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982).

Here, as outlined above, Cohen does not identify a controlling question of law as to which there is substantial ground for difference of opinion. Under the express language of the PSLRA, the Court has the discretion to not appoint a lead plaintiff's choice of counsel. Further, granting a certification of appeal would only further delay this action. See In Re Telxon Corp. Securities Litigation, 67 F. Supp. 2d 803, 818-819 (N.D. Ohio 1999).

Accordingly, the Court DENIES Plaintiff Cohen's motion for a certification to appeal pursuant to § 1292(b).

### B. Plaintiff Pontiac's Motion

Pontiac moves for leave to file a motion for reconsideration on the grounds that the Court did not consider the fact that Pontiac had the greatest financial interest in the litigation and that the Court appointed more than one law firm to act as co-lead counsel. (Pontiac Motion at 1-2.)

In its December 23 Order, the Court made an explicit finding as to which Plaintiff has the largest stake in the litigation. (See December 23 Order at 4.) The Court found that relative to other potential lead plaintiffs, Pontiac did not have the largest stake. Here, Pontiac merely provides the Court with the same information that it had previously provided in its written argument on the underlying motion; this clearly violates Civ. L.R. 7-9(c).

Accordingly, the Court DENIES Plaintiff Pontiac's motion for leave to file a motion for reconsideration.

### C.    **Plaintiff Depies Group's Motion**

Plaintiff Depies Group seeks leave to file a motion for reconsideration only if the Court grants other parties such leave. (Depies Group Motion at 1.) Since the Court has denied Plaintiffs Cohen and Pontiac's motions for leave, the Depies Group's motion is also denied.

### D.    **Conclusion**

Accordingly, the Court DENIES Plaintiffs Cohen, Pontiac, and the Depies Group's Motions for Leave to File a Motion for Reconsideration. The Court also DENIES Cohen's Alternative Motion for Certification of Appeal.

Dated:  January 23, 2009

JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aaron M. Sheanin ams@girardgibbs.com
Andrei V. Rado arado@milberg.com
Brian C. Kerr bkerr@milberg.com
Darren Jay Robbins e_file_sd@csgrr.com
Eric Marc George egeorge@dskbwg.com
Howard Theodore Longman tsvi@aol.com
James Elliott Thompson jthompson@orrick.com
James Neil Kramer jkramer@orrick.com
Jonathan Krasne Levine jkl@girardgibbs.com
Kim Elaine Miller kim.miller@kgscounsel.com
Mark  Punzalan mpunzalan@finkelsteinthompson.com
Michael Francis Ram mfr@lrolaw.com
Michael L. Braunstein mbraunstein@kgglaw.com
Paul S Balanon paul.balanon@kgscounsel.com
Reed R. Kathrein reed@hbsslaw.com
Sabrina S. Kim skim@milberg.com
Timothy J. Burke service@ssbla.com

**Dated:  January 23, 2009**          **Richard W. Wieking, Clerk**

                                      **By:     /s/ JW Chambers**
                                              **Elizabeth Garcia**
                                              **Courtroom Deputy**